UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKY UNDERHILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15-cv-01119-JMS-MJD |
| | ) |
| KEITH BUTTS, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Motion to Proceed *in forma pauperis*,
Discussing Misjoined Claims, and Directing Further Proceedings**

**I. Motion to Proceed *in Forma Pauperis***

The plaintiff's motion for leave to proceed *in forma pauperis* [dkt 2] is **granted.** The assessment of an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff still owes the $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Misjoined Claims**

The plaintiff is an inmate at the Indiana State Prison. The incidents he complains about took place at the New Castle Correctional Facility. He alleges that 17 defendants violated several of his constitutional rights. He seeks compensatory and punitive damages.

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." The complaint does not set forth any claim that properly joins all defendants. In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21.

The Court discerns that the complaint alleges the following claims:

1) Retaliation against the plaintiff for filing grievances, and failure to protect from such retaliation, asserted against Warden Keith Butts, Assistant Warden Scott Fitch, Unit Team Manager E. Lowe, Major Ray Davis, Captain Glen Thompson, Captain Jabin Collins, Captain Shane Rice, Lt. T. Thibeault, Sgt. Michael Huston, Sgt. David Young, Sgt. A. Phillips, Officer D. Altman, Officer J. Wynkoop, Officer J. Smith, Officer R. Stone, and casework manager Casebere from April until October of 2014.

2) Unlawful video recording of telephonic conferences on April 16, 2014, and June 9, 2014, asserted against Sgt. Michael Huston, Officer D. Altman, Officer J. Wynkoop, casework manager Casebere, Warden Keith Butts, Assistant Warden Scott Fitch, Unit Team Manager E. Lowe, Captain Jabin Collins, Captain Shane Rice, Lt. T. Thibeault, Sgt. David Young, and casework manager Casebere;

3) Excessive force on September 9, 2014, asserted against Sgt. David Young, Sgt. A. Phillips, Officer J. Smith, and Captain Glen Thompson, and failure to protect from such excessive force asserted against Warden Keith Butts, Assistant Warden Scott Fitch, Unit Team Manager E. Lowe, Major Ray Davis, Captain Glen Thompson, Captain Jabin Collins, Captain Shane Rice; and

4) Refusal to provide necessary medical care on September 9, 2014, asserted against Nurse Debra Ellington.

None of these allegations have yet been screened pursuant to 28 U.S.C. § 1915A(b) to determine if they state a viable claim.

**This action shall proceed as to the plaintiff's First Amendment claims** that defendants Warden Keith Butts, Assistant Warden Scott Fitch, Unit Team Manager E. Lowe, Major Ray

Davis, Captain Glen Thompson, Captain Jabin Collins, Captain Shane Rice, Lt. T. Thibeault, Sgt. Michael Huston, Sgt. David Young, Sgt. A. Phillips, Officer D. Altman, Officer J. Wynkoop, Officer J. Smith, Officer R. Stone, and casework manager Casebere retaliated against the plaintiff for filing grievances, and failed to protect him from such retaliation, from April until October of 2014. **This claim will be screened in a separate Entry.**

### III. Further Proceedings

The three other misjoined claims shall either be severed into new actions or dismissed without prejudice. The plaintiff is the master of his complaint and shall be given the opportunity to determine which course is followed. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If new actions are opened, the plaintiff would be responsible for a filing fee for each new case. The screening requirement of 28 U.S.C. § 1915A(b) would also be triggered for the new cases.

The plaintiff shall have **through August 31, 2015,** in which to **notify the Court** whether he wishes the Court to sever the three other claims into a new action. If the plaintiff fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

**IT IS SO ORDERED.**

Date: _____07/23/2015_____

*[Signature: Jane E. Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Ricky Underhill, #953146, Indiana State Prison, Inmate Mail/Parcels, One Park Row, Michigan City, IN 46360