UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKY UNDERHILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEITH BUTTS, et al., )<br>)<br>Defendants. ) | No. 1:15-cv-01119-JMS-MJD |

**Entry Discussing Claims, Dismissing Complaint, and Directing Plaintiff to Show Cause**

The plaintiff is Ricky Underhill, a state prisoner currently confined at the Indiana State Prison and formerly incarcerated at the New Castle Correctional Facility ("New Castle"). All events alleged in this action took place at New Castle.

## I. Screening

Two of the four original claims in this civil rights action have been severed into separate actions. As explained in the Entry of August 7, 2015, the two claims that remain in this action are:

1) Retaliation against the plaintiff for filing grievances, and failure to protect from such retaliation, asserted against Warden Keith Butts, Assistant Warden Scott Fitch, Unit Team Manager E. Lowe, Major Ray Davis, Captain Glen Thompson, Captain Jabin Collins, Captain Shane Rice, Lt. T. Thibeault, Sgt. Michael Huston, Sgt. David Young, Sgt. A. Phillips, Officer D. Altman, Officer J. Wynkoop, Officer J. Smith, Officer R. Stone, and casework manager Casebere from April until October of 2014; and

2) Unlawful video recording of telephonic conferences on April 16, 2014, and June 9, 2014, asserted against Sgt. Michael Huston, Officer D. Altman, Officer J. Wynkoop, casework manager Casebere, Warden Keith Butts, Assistant Warden Scott Fitch, Unit

Team Manager E. Lowe, Captain Jabin Collins, Captain Shane Rice, Lt. T. Thibeault, Sgt. David Young, and casework manager Casebere;

The complaint is now subject to the screening required by 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

The plaintiff first alleges that certain defendants retaliated against him for filing grievances from April until October of 2014. He further alleges that other defendants failed to protect him from the other defendants' retaliation. The defendants allegedly retaliated against the plaintiff in the following ways: 1) by refusing to allow the plaintiff to properly hold the telephone during a telephonic conference with a magistrate judge on April 16, 2014, laughing when the phone fell off the plaintiff's shoulder; 2) not allowing him to attend recreation on April 19, 2014; 3) strip searching him and harassing him by stating "you think you are something special since you filed your lawsuits on staff," and "you are always crying about something, you P.C. bitch;" and 4) calling him names, such as "you P.C. bitch" and "that was some bitch ass shit for filing a grievance on us."

To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir.2009) (internal quotation omitted). "[F]iling a non-frivolous

grievance is a constitutionally protected activity sufficient to support a retaliation claim." *Perez v. Fenoglio,* 2015 WL 4092294 (7th Cir. July 7, 2015).

Putting aside the issue of whether the plaintiff's grievances were non-frivolous, the element that defeats the plaintiff's claims of retaliation is that the deprivation would *not* likely deter First Amendment activity. Unlike the refusal to provide medical treatment, for instance, laughing at him, denying him recreation on one occasion, strip searching him on one occasion, and calling him names was not likely to dissuade a reasonable person from engaging in future First Amendment activity. Indeed, the plaintiff has not been in the slightest deterred from filing grievances, as he makes clear in his complaint. He reports that he filed requests for interviews and/or formal grievances on April 16, 2014, April 19, 2014, April 29, 2014, April 30, 2014, May 19, 2014, May 22, 2014, June 1, 2014, June 5, 2014, June 9, 2014, June 20, 2014, July 4, 2014, July 9, 2014, July 23, 2014, August 30, 2014, September 4, 2014, September 5, 2014, September 11, 2014, September 18, 2014, September 19, 2014, September 23, 2014, and October 3, 2014. He filed a notice of tort claim on March 18, 2015, and this action on July 16, 2015. The plaintiff's claims of retaliation and failure to prevent retaliation are **dismissed for failure to state a claim upon which relief can be granted.**

The plaintiff's second claim is that certain prison officials unlawfully video recorded telephonic status conferences that were conducted with the Court in another case 1:13-cv-887-TWP-MJD on April 16, 2014, and June 9, 2014. The plaintiff alleges that the video-recording violated his First Amendment rights. The attachments to the complaint to which the plaintiff refers indicate that the defendants were video monitoring him because he had alleged in the past that he was mistreated and harmed during staff escorts. He was informed in writing on June 12, 2014, that he would no longer be video-taped during telephonic conferences.  Moreover, the Court prevented

this from occurring again by stopping the June 9, 2014, telephonic conference and conducting it in person on June 20, 2014. Any First Amendment claim is discerned as a denial of access to the courts claim. The plaintiff was not, however, in any way, prevented from pursuing his claim as a result of the videotaping. These circumstances did not violate his constitutional rights. This claim is **dismissed for failure to state a claim upon which relief can be granted.**

## II.  Further Proceedings

The complaint is dismissed for failure to state a claim upon which relief can be granted. The plaintiff shall have **through September 11, 2015,** in which to **show cause** why this action should not be dismissed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Failure to show cause will result in the dismissal of the action for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: ___08/11/2015___

*[signature: Jane E. Magnus-Stinson]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Ricky Underhill, #953146 , Indiana State Prison, Inmate Mail/Parcels, One Park Row, Michigan City, IN 46360